**AMLING–DE VOR NURSERIES, Inc., a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. 32613, 34096.**

United States District Court
N. D. California, S. D.

Feb. 28, 1956.

Samuel Taylor, Walter G. Schwartz, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Robert H. Schnacke, Asst. U. S. Atty., San Francisco, Cal., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, David W. Richter, Attys., Dept. of Justice, Washington, D. C., for defendant.

GOODMAN, District Judge.

These are consolidated actions for the refund of income taxes paid for the fiscal years ending April 30, 1949 and April 30, 1950. The basis of plaintiff's claim is that it originally employed an erroneous and forbidden accounting method in reporting its income for the fiscal years ending April 30, 1948, 1949, and 1950, and is entitled to amend its returns appropriately.

Plaintiff was incorporated on June 27, 1947. It was and is engaged in the business of growing and selling rose bushes. It also markets various vegetables grown as soil conditioners for its rose beds. In reporting the income for its

first three years of operation, the fiscal years ending April 30, 1948, 1949, and 1950, plaintiff used an accounting method by which the costs of growing these crops were deferred rather than charged off in the year in which they were incurred. In 1951, plaintiff determined that this method of accounting was improper and accordingly filed amended returns charging off such costs as of the year in which they were incurred. The amended returns and accompanying claims for refund were rejected, and these suits followed.

The Government does not question the propriety of the accounting method employed by plaintiff in the amended returns. It opposes the claims for refund on the ground that plaintiff in fact chose and used a proper alternative method of reporting its income on the original returns and is bound by such election.

Plaintiff contends that in reporting its income on the original returns it used an accounting method by which it inventoried growing crops in an unmarketable stage, a practice forbidden by Treasury ruling, I.T. 1368, I Cum. Bull. 72 (1922). The Government argues that plaintiff did not in fact employ the prohibited inventory method of accounting in the original returns, but, actually used the so-called crop-cost method which the Government asserts, and the plaintiff denies, was a proper method. The initial question for determination is: which of these accounting methods did the plaintiff in fact use in reporting its income on the original returns?

■ The fundamental difference between the inventory method of accounting for income and the crop-cost method may be briefly stated. In the inventory method, production costs are initially charged to inventory and are later written off as the costs of goods sold, as the inventory is reduced either by sales or by a downward adjustment to reflect a decline in market value below cost. In the crop-cost method, production costs

of each crop are initially charged to deferred-crop-costs and are written off as the cost of operations only as such crop is sold.

In the years in question, the estimated market value of plaintiff's crop inventories never fell below cost. Therefore, both the inventory method of accounting and the crop-cost method would have reflected the same amount of income on the tax returns. Thus the amount of income reported is not indicative of the accounting method used. Consequently the determination of what method was actually used must necessarily rest on the computations and statements appearing in the returns. These computations and statements, from an accounting standpoint, present a muddy and unclear picture.

■ Some of the terminology appearing on the returns for the fiscal years ending April 30, 1948 and April 30, 1950 is suggestive of the crop-cost accounting method. But, the accounting technique employed on all three returns in question, as well as the statement on each return that the inventories were valued at cost or market whichever was lower, is persuasive that the method used, and intended to be used, was the prohibited inventory method. This conclusion is supported by the uncontradicted testimony of plaintiff's officers and accountants that their intention was to use the inventory method, (being unaware that its use was prohibited).

Since our finding is that plaintiff used an accounting method specifically forbidden by Treasury ruling, plaintiff was entitled to file amended returns in which production costs were charged off in the year in which they were incurred. We do not find it necessary therefore to reach and consider plaintiff's alternative contention that the crop-cost method, which the government contends plaintiff actually used, was also an improper method in that it did not truly reflect income.

Judgment for plaintiff as prayed upon findings to be presented according to the Rules.